UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 3:16-cr-00005-GFVT-REW |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BRANDON NELSON CAMPBELL, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

Calculating a defendant's correct Sentencing Guidelines range is a vital part of the federal sentencing process, and this case underscores why. Defendant Brandon Campbell was found guilty by jury of unlawfully distributing heroin and fentanyl, and he has two prior convictions. The parties dispute whether the career offender enhancement set forth in United States Sentencing Guidelines § 4B1.1 applies in light of those prior convictions. If Campbell does not receive the career offender enhancement, he faces a Guidelines range of 15 to 21 months. But if one or both of the prior convictions are predicate offenses under the Guidelines, his range soars to 262 to 327 months. This represents a greater than twenty-five year swing in the recommended sentence.

The underlying offense in question is Campbell's 2013 third degree robbery conviction under Ohio Revised Code § 2911.02(A)(3). Whether this conviction constitutes a "crime of violence" for purposes of the career offender enhancement is imprecise and requires wading through decisions addressing both the Guidelines' language and the Armed Career Criminal Act. Nevertheless, the Court has carefully considered the existing law and now concludes a third

degree robbery conviction under Ohio Revised Code § 2911.02(A)(3) does constitute a crime of violence under the Guidelines. Accordingly, the Court VACATES its oral finding on the matter and OVERRULES the Defendant's objection to the presentence investigation report.

I

Last year, Brandon Campbell was found guilty of distributing both heroin and fentanyl in violation of 21 U.S.C. § 841(a)(1) during a trial by jury. Following the guilty verdict, the United States Probation Office commenced preparation of Mr. Campbell's presentence investigation report. As part of its investigation, the Probation Office identified two prior convictions. First, Campbell was convicted of third degree robbery in violation of Ohio Revised Code § 2911.02(A)(3) in the Cuyahoga County, Ohio, Court of Common Pleas in 2013. Second, Campbell was convicted of conspiracy to possess with intent to distribute a quantity of cocaine in the Western District of Texas, El Paso division in 2012. Neither party disputes that Campbell's Texas cocaine conviction is a predicate offense for purposes of the career offender enhancement under United States Sentencing Guidelines § 4B1.1. But Campbell's Ohio robbery conviction presents a closer question.

The Probation Office determined the robbery conviction did constitute a "crime of violence" under U.S.S.G. § 4B1.2, and the Government filed a sentencing memorandum in support of that position. [*See* R. 154.] Accordingly, both the Probation Office and the Government believe the career offender enhancement should apply to dramatically increase Campbell's Guidelines base offense level and criminal history category. Defense counsel, however, objects to the application of the enhancement, arguing the Ohio Revised Code § 2911.02(A)(3) conviction does not qualify as a crime of violence under the Guidelines. [R. 155.]

2

The Court convened with the parties on April 13, 2017, for Mr. Campbell's sentencing proceeding, and the career offender issue quickly revealed itself as a matter of utmost importance. The Court heard oral argument from both sides and recessed twice to further consider the issue in chambers. After hearing the parties' arguments and considering certain case law, the Court had reason to doubt Campbell's § 2911.02(A)(3) conviction sufficiently qualified as a crime of violence. Consequently, the Court sustained the Defendant's objection to the presentence investigation report and then stated its intent to issue a written opinion on the matter clarifying its ruling. At the Government's request, the remainder of the sentencing proceeding was continued to a later date, with no judgment imposed.

Since that date, the Court has spent significant time researching relevant Sixth Circuit case law as well as district court opinions from within and outside the circuit. Based on information not presented to the Court during the first stage of the sentencing proceeding, the Court now concludes it erred in sustaining the Defendant's objection to the career offender enhancement. For the reasons explained below, the application of the enhancement is appropriate and the objection should be overruled.

## II

A defendant is considered a career offender under the United States Sentencing Guidelines if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). If a defendant is subject to this enhancement, he receives a significant increase to his base offense level and automatically becomes a criminal history category VI for

purposes of his advisory Guidelines range calculation. U.S.S.G. § 4B1.1(b). Campbell's third degree robbery conviction is not a controlled substance offense, so to trigger the enhancement, the offense must be a "crime of violence."

The 2016 Sentencing Guidelines Manual sets forth a two-prong definition for "crime of violence":

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a).[1] The first clause is often known as the "use of force" clause or the "elements" clause, and the second clause is commonly called the "enumerated offense" clause. To be considered a crime of violence for purposes of the career offender enhancement, a prior conviction must satisfy at least one of those two clauses. After careful review, Brandon Campbell's § 2911.02(A)(3) conviction satisfies the first clause, if not both.

**A**

Campbell's Ohio third degree robbery conviction satisfies the use of force clause in light of instructive Sixth Circuit and district case law. A prior conviction qualifies under the use of

---

[1] The 2016 Guidelines Manual applies to Mr. Campbell's case. *See* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). U.S.S.G. § 4B1.2 contained a third clause for defining a crime of violence, known as the "residual" clause. In the wake of the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the ACCA's identically worded residual clause was unconstitutionally vague, the Sentencing Commission amended both §§ 4B1.1 and 4B1.2 to remove all references to the residual clause. The amendment, effective August 1, 2016, also revised the list of specific enumerated offenses that qualify as a crime of violence, moving "robbery" from the commentary to the actual text of § 4B1.2.

4

force clause if it has "as an element the use, attempted use, or threatened use of *physical force against the person of another.*" U.S.S.G. § 4B1.2(a)(1) (emphasis added). For purposes of this analysis, "physical force" is defined as "violent force . . . capable of causing physical harm to a person." *See Johnson v. United States*, 449 U.S. 133, 140 (2010).[2] To determine whether Campbell's conviction satisfies this definition, the Court employs the categorical approach, which requires the Court to look "to the statutory definition of the offense and not the particular facts underlying the conviction." *Rede-Mendez*, 680 F.3d at 556.

The Ohio statute under which Mr. Campbell was convicted, as well as that statute's accompanying definitions, indicate that Campbell's third degree robbery conviction satisfies the use of force clause. To begin, Ohio Revised Code § 2911.02(A)(3) criminalizes "us[ing] or threaten[ing] the immediate use of force against another" while "attempting or committing a theft offense or in fleeing immediately after the attempt or offense." While at least one court has ruled that the use of force inherent in this statutory provision does not constitute the violent physical force required to trigger the enhancement, the majority of cases, including one from the Sixth Circuit Court of Appeals, suggest that it does.

---

[2] The term "physical force" is not defined in the Sentencing Guidelines. However, the United States Supreme Court has defined "physical force" as those words are used in the Armed Career Criminal Act ("ACCA"), *see Johnson (2010)*, 559 U.S. at 140, and the Sixth Circuit has historically used that ACCA case law to guide its interpretation of the Guidelines' career offender provisions. *See, e.g.*, *United States v. Rede-Mendez*, 680 F.3d 552, 555 n. 2 (6th Cir. 2012). The Supreme Court's 2010 *Johnson* decision defines physical force as "violent force . . . capable of causing physical harm to a person." *See* 559 U.S. at 140. Therefore, this definition ostensibly applies to the definition of physical force as used in the career offender enhancement.

Notably, the Court continues to draw on ACCA cases to inform its reasoning on the Guidelines career offender enhancement despite the Supreme Court's ruling in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017), which articulates certain inherent distinctions between the Sentencing Guidelines and the ACCA. *See United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017) (Sutton, J.) (noting the Sixth Circuit "[has] not hesitated" to use authority on the ACCA's use of force clause to interpret the same clause in the Guidelines, and treating the provisions the same post-*Beckles*).

In *United States v. Litzy*, one Southern District of West Virginia judge determined that convictions under Ohio Revised Code § 2911.02(A)(3) do not constitute convictions for the use of violent physical force, because the definition of force under Ohio law is "any violence, compulsion, or constraint physically exerted by any means upon or against a person *or thing*." *See* 137 F. Supp. 3d 920 (S.D.W.V. 2015); Ohio Revised Code § 2901.01(A)(1) (emphasis added). *Litzy* points out that prohibiting the violence, compulsion, or constraint exercised against a thing surely encompasses more conduct than the "violent force . . . capable of causing physical harm to a person" articulated in *Johnson (2010)*.[3] *See* 559 U.S. at 140; *Litzy*, 137 F. Supp. 3d at 928-29 (determining Ohio's robbery law "punishes non-violent constraint and compulsion exerted against a thing, while the term physical force, as interpreted by the Supreme Court in *Johnson (2010)* and used in the Guidelines, only encompasses violent force capable of harming a person).

But as a number of other district courts have since pointed out, *Litzy* overlooks key words present in the § 2911.02(A)(3) statutory language itself. While Ohio's force provision does describe compulsion or constraint exerted against mere *things*, Ohio's third degree robbery statute requires a person to "use or threaten the immediate use of force against *another*." *Compare* Ohio Revised Code § 2901.01(A)(1) *with* Ohio Revised Code § 2911.02(A)(3) (emphasis added). Force as used in § 2911.02(A)(3), then, means "violence, compulsion, or constraint physically exerted by any means" *specifically against a person*, which, in turn, constitutes violent physical force for purposes of the Guidelines use of force clause. *See United States v. Turner*, No. 3:14-cr-441, 2016 WL 7407514 (N.D. Ohio Dec. 22, 2016); *United States*

---

[3] To avoid confusing *Johnson v. United States*, 559 U.S. 133 (2010), with *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Court refers to those opinions as "*Johnson (2010)*" and "*Johnson (2015)*", respectively.

6

*v. Wright*, No. 3:04-cr-003, 2016 WL 6525388 (S.D. Ohio Nov. 3, 2016); *United States v. White*, No. 4:08-cr-103, 2016 WL 3945361 (N.D. Ohio July 19, 2016).

An unpublished Sixth Circuit decision bolsters this conclusion. In *United States v. Mansur*, 375 F. App'x 458 (6th Cir. 2010), the Sixth Circuit considered whether a defendant's conviction for attempted robbery under Ohio Revised Code § 2911.02 satisfied the use of force clause in the Armed Career Criminal Act, which mirrors that of the Guidelines Manual. Although *Mansur* was concerned with the 1988 version of Ohio's robbery law, the case remains instructive. Ohio's definition of "force" in 1988 was the same as today's: "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." *See* 375 F. App'x at 464. And the 1988 version of the Ohio robbery statute, similar to the law under which Brandon Campbell was convicted, forbids a person from "us[ing] or threaten[ing] the immediate use of force against another." *Id.* at 463.

After considering the language of those Ohio statutes, the *Mansur* court found that Ohio's robbery law "clearly ha[d] as an element the use, attempted use, or threatened use of physical force against another person" for purposes of the ACCA. *Id.* at 463-64. The court went on to confirm that Ohio's robbery law fell within the parameters of *Johnson (2010)* in light of various state decisions describing the type of force envisioned under the robbery statute. *See id*. at n. 8 (compiling cases). According to *Mansur*, Ohio state law viewed the force required for a robbery conviction as a "threat of actual or potential harm" to a person. *Id.* And because "[f]orce which involves actual or potential harm to a person is force capable of causing physical pain or injury to another person," the statute was compatible with *Johnson (2010)*'s guidance on the use of force clause. *Id.*[4]

---

[4] The problem with *Litzy*'s rationale in light of *United States v. Mansur* is also detailed in *United States v. Ginter*, No. 5:13-151-DCR, 2016 WL 347663 (E.D. Ky. Jan. 28, 2016), and the underlying

Because *Mansur* is unpublished, it is not necessarily binding on the Court. *See, e.g.*, *Sheets v. Moore,* 97 F.3d 164, 167 (6th Cir. 1996) (explaining that unpublished opinions "carry no precedential weight" and "have no binding effect on anyone other than the parties to the action"). But the Court nevertheless finds *Mansur* instructive of the Sixth Circuit's view on the matter. Unpublished appellate decision are certainly persuasive, especially where "no other Sixth Circuit case is on point." *United States v. Stafford*, 721 F.3d 380, 397 (6th Cir. 2013). And *Mansur* has been cited at least once in a published Sixth Circuit ruling. *See United States v. McMurray*, 653 F.3d 367, 374 n. 6 (6th Cir. 2011) (citing *Mansur* and noting the case concluded a conviction under the Ohio robbery statute was a violent felony under the ACCA's use of force clause).

Accordingly, after reviewing the jurisprudence of this circuit, the Court believes third degree robbery convictions pursuant to Ohio Revised Code § 2911.02(A)(3) are predicate offenses for purposes of the Guidelines' use of force clause. For Mr. Campbell, this means the career offender enhancement applies to his Guidelines calculation.

**B**

Because Campbell's robbery conviction falls within the use of force clause, whether the conviction also satisfies the enumerated offense clause is ultimately immaterial. The Court elaborates briefly on this issue only to clarify a point that has generated some confusion throughout the district. The Government and United States Probation Office argue, perhaps unsurprisingly, that Campbell's robbery conviction satisfies the enumerated offense clause simply because robbery is an enumerated offense. *See* U.S.S.G. § 4B1.2(a)(2). But as the Latin

---

Recommended Disposition prepared by United States Magistrate Judge Robert E. Wier. *See United States v. Ginter*, 5:13-cr-00151-DCR-REW-1, R. 113 (E.D. Ky. Jan. 6, 2016). This Court considered the thoughtful analysis of both *Ginter* judges in arriving at its conclusion.

fable writer Phaedrus understood well, things are not always what they seem, and the first appearance deceives many.

"[A] state's decision to label certain criminal conduct 'robbery' may not always be dispositive of whether the conduct constitutes a 'crime of violence' under the Sentencing Guidelines." *United States v. Wood*, 209 F.3d 847, 850 (6th Cir. 2000) (citing *Taylor v. United States*, 495 US. 575, 590-92 (1990)). For an enumerated offense to actually qualify as a crime of violence, "the offense for which the defendant was convicted must fall within the generic definition of that crime, which is found by surveying how the crime is described across jurisdictions, as well as consulting sources such as the Modal Penal Code." *Rede-Mendez*, 680 F.3d at 556. The Sixth Circuit has recently set forth a detailed analysis of how to approach such analyses in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), complete with explanations of the categorical approach and modified categorical approach, as well as venn diagrams. *See* 860 F.3d at 869-70 (Boggs, J., concurring).

Whether Ohio Revised Code § 2911.02(A)(3) falls within the generic definition of robbery remains a question for another day: the Court will not needlessly opine on the issue in light of its conclusion on the statute's relationship to the use of force clause. But the Court emphasizes the great care that must be exercised by prosecutors, defense attorneys, and judges alike when faced with the type of legal questions presented by this case. The consequence of applying the career offender enhancement in Mr. Campbell's case is particularly great, but even in less drastic scenarios, the implications remain significant.

### III

For the reasons articulated above, the Court **VACATES** its oral finding made during the first half of Defendant Brandon Campbell's sentencing proceeding. [*See* R. 156.] The Court

9

**OVERRULES** Mr. Campbell's objection to the presentence investigation report and finds that the career offender enhancement set forth in U.S.S.G. § 4B1.1 does, indeed, apply in light of his two prior convictions. Accordingly, the Court determines the Guidelines range is correctly calculated in the presentence investigation report and **ADOPTS** and **ACCEPTS** the findings of that report. Mr. Campbell's correct advisory Guidelines range is 262 to 327 months, as a result of his base offense level of 34 and his criminal history category of VI.

This the 4th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge